IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKA CHRISTINA ALFARO,                      No. CIV.S-06-1614 MCE DAD PS

      Plaintiff,

  v.                                        <u>FINDINGS AND RECOMMENDATIONS</u>

TURNING POINT PROGRAM,

      Defendant.
_____/

      By order filed November 13, 2006, the court granted plaintiff's request to proceed in forma pauperis and directed plaintiff to show cause in writing why this matter should not be dismissed for lack of subject matter jurisdiction. <u>See</u> Fed. R. Civ. P. 12(h)(3). In response, plaintiff filed a state court form answer for use in a contract action. Plaintiff's remarks on that form are non-responsive to the court's order to show cause. Nor is the brief handwritten declaration filed by plaintiff on December 5, 2006, responsive to the order. In that declaration, plaintiff appears to complain about the theft of certain property from her room at a

1

facility operated by a local non-profit mental health services agency.  In any event, no basis for federal jurisdiction over this action is apparent based on anything plaintiff has filed with the court.  Thus, the undersigned finds that the court lacks subject matter jurisdiction.  See Bell v. Hood, 327 U.S. 678, 682 (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and "so patently without merit"); Hagans v. Levine, 415 U.S. 528, 543 (stating that a claim may be dismissed for lack of jurisdiction where it is "so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court").  See also Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)("A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction and may be dismissed sua sponte before service of process.")(citations omitted)

Accordingly, IT IS HEREBY RECOMMENDED that this matter be dismissed for lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is

1  advised that failure to file objections within the specified time may
2  waive the right to appeal the District Court's order.  See <u>Martinez</u>
3  <u>v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: December 26, 2006.

```
                              _____
                              DALE A. DROZD
                              UNITED STATES MAGISTRATE JUDGE
```

DAD:th
Ddadl\orders.prose\alfaro1614.f&r